UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS KOUGH,<br><br>    Plaintiff,<br><br>    v.<br><br>TEAMSTERS' LOCAL 301 PENSION PLAN, TRUSTEES OF TEAMSTERS' LOCAL 301 PENSION PLAN, and MICHAEL HAFFNER, PLAN ADMINISTRATOR,<br><br>    Defendants. | No. 06 C 5235<br>Judge James B. Zagel |

**MEMORANDUM OPINION AND ORDER**

**I.     BACKGROUND**

This is an ERISA action in which Plaintiff is seeking a disability pension. On July 24, 2007, I granted Defendant's motion for summary judgment, finding that Defendant's decision to deny Plaintiff's disability pension was not arbitrary and capricious because Plaintiff had failed to satisfy the criteria set forth in Defendant's plan. Specifically, I determined that the Plan requires an individual to submit a Social Security Administration (SSA) award as a precondition to being awarded a disability pension. Because Mr. Kough failed to submit an SSA award in connection with his 2005 condition, I found that he had failed to comply with the Plan's requirements.

Thereafter, Plaintiff appealed my decision to the Seventh Circuit Court of Appeals. During the pendency of his appeal, Plaintiff sought further information from the SSA. In response to his request, Plaintiff received a *Report of Confidential Social Security Benefit Information* dated August 13, 2007. That report stated, in part, that "On 4/4/06 a continuing disability review was completed and he was found to still be disabled basis [sic] on a diagnosis

of disorders of back (discogenic and degenerative) and other disorders of the nervous system / neurological conditions." Relying on this report, Plaintiff had made a motion under Rule 60 of the Federal Rules of Civil Procedure for relief from my entry of judgment for Defendant. Specifically, Plaintiff seeks relief under Rule 60(b)(2), 60(b)(5) and 60(b)(6). Plaintiff argues that this report is sufficient evidence of an SSA award. Because, as noted above, my ruling was premised on the *lack* of an SSA award, Plaintiff argues that he is now entitled to relief from the grant of summary judgment.

## II. DISCUSSION

### A. Plaintiff's Motion under Rule 60(b)(2) is Denied Because He Fails to Establish Requisite Due Diligence

Plaintiff's motion under Rule 60(b)(2) is denied because Plaintiff has failed to demonstrate that the "newly discovered evidence" upon which he seeks to rely would not have been discoverable by him prior to the grant of summary judgment. Rule 60(b)(2) permits a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). The rule "is an extraordinary remedy that is to be granted only in exceptional circumstances." *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 732 (7th Cir. 1999) (*quoting Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995)).

The Seventh Circuit has set forth a series of eight prerequisites a movant must establish in order to prevail on a 60(b)(2) motion:

> (1) the evidence was in existence at the time [summary judgment was granted] or pertains to facts in existence at the time [summary judgment was granted]; (2) it

> was discovered following [the grant of summary judgment]; (3) due diligence on the part of the movant to discover the new evidence is shown or may be inferred; (4) the evidence is admissible; (5) it is credible; (6) the new evidence is material; (7) it is not merely cumulative or impeaching; and, finally, (8) the new evidence is likely to change the outcome.

*Mumford v. Bowen*, 814 F.2d 328, 330 (7th Cir. 1986).

In this case, the first two prerequisites have been established. The *Report of Confidential Social Security Benefit Information* that Plaintiff secured was not itself available when summary judgment was granted (that report is dated August 13, 2007 whereas my order granting Defendant's motion for summary judgment was entered on July 24, 2007). Nevertheless, the August 13 report indicates that the SSA completed a continuing disability review on April 4, 2006. Accordingly, I am willing to infer that the substantive information upon which Plaintiff seeks to rely (i.e., the fact that the SSA found him to still be disabled as of April 2006) was in existence at the time summary judgment was granted. The second requirement is also satisfied because there is nothing to suggest that Plaintiff possessed the underlying information before he received it on August 13, after summary judgment was granted.

It is on the third element, however, that Plaintiff stumbles. Plaintiff fails to prove that he exercised the necessary due diligence before judgment was issued against him. To prevail on a motion for relief pursuant to Rule 60(b)(2), a movant must demonstrate that he was justifiably ignorant of the newly discovered evidence despite due diligence. *See State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 178 (2d Cir. 2004). "Diligence looks not to what the litigant actually discovered, but what he or she could have discovered." 12 Moore's Federal Practice § 60.42[5] (Matthew Bender 3d ed.).

In this case, there is nothing to suggest that Plaintiff could not have acquired the information upon which he now seeks to rely before I granted summary judgment. In Plaintiff's First Amended Motion To Vacate Judgment, he states that "[a]s a result of Plaintiff's inquiries and investigations [made in the context of Plaintiff's Seventh Circuit appeal], a *Report of Confidential Social Security Benefit Information* dated August 13, 2007 . . . was provided to Plaintiff." Plaintiff, however, makes no attempt to establish that he would have been unable to ascertain this information before I issued my July 2007 ruling.

The parties filed their cross motions for summary judgment on May 11, 2007, more than thirteen months after the SSA apparently completed its continuing disability review. To be clear, I do not mean to suggest that Plaintiff had the information and simply failed to utilize it. Rather, it seems as though the information would have been eminently discoverable by Plaintiff, had he diligently sought it. It is clear that the information existed as of April 4, 2006 (or, at the very least, it existed as of the time I ruled). Moreover, the August 13, 2007 report demonstrates that the SSA was willing to provide the information to Plaintiff. What is missing here is any argument from Plaintiff either (1) that he requested the information before July 2007 and his entreaty was denied; or (2) that such a request would necessarily have been denied had it been made. Plaintiff makes no such argument here. Further, it is reasonable to infer (from the fact that the SSA provided the information to him when he requested it in August) that he could not, in good faith, make such an argument. At bottom, Plaintiff fails to demonstrate the requisite due diligence called for under the rule. *Cf. United States v. McGaughey*, 977 F.2d 1067, 1075 (7th Cir. 1992) (noting failure to search for document showed lack of due diligence).

Plaintiff's efforts to argue due diligence are unavailing. In his "Amended Motion to Vacate Judgment," Plaintiff argues that the August 13 SSA Report "did not exist and therefore could not have been known to [P]laintiff at the time this case was filed or when he made his April 2006 submissions to the Pension Plan." That is a true statement as far as it goes, but it misses the point. The August 13 Report was obviously unavailable, but the substantive information contained therein was not. The August report refers to a determination made in April 2006. Plaintiff obviously propounded some request to the SSA that yielded the August 13 Report. In order to prevail on his current motion, Plaintiff would have had to explain why he did not make that same request while the motion for summary judgment was pending. Alternatively, he would have had to show that the request would have failed to bear fruit if it would have been made before July 2007 when I granted Defendant's motion for summary judgment.

Plaintiff also fails to establish due diligence in his "Reply Memorandum In Support Of Plaintiff's First Amended Motion to Vacate Judgment." There, Plaintiff states that he "proceeded with due diligence in bringing those documents to the Plan's and this Court's attention . . ." Again, Plaintiff falls short. Regardless of whether Plaintiff acted with due diligence once he had the information, Plaintiff failed to employ due diligence *before* the case was decided on summary judgment. It is his inability to establish due diligence at that critical stage that dooms his 60(b)(2) motion. *See González-Piña v. Rodríguez*, 407 F.3d 425, 433 (1st Cir. 2005) ("[A] party who seeks relief from a judgment based on newly discovered evidence must, at the very least, offer a convincing explanation as to why he could not have proffered the crucial evidence at an earlier stage of the proceedings.").

Because Plaintiff fails to establish the due diligence prong of the 60(b)(2) test, his motion thereunder must fail. In light of Plaintiff's failure to satisfy the third element, I need not—and in fact do not—reach the question of whether the evidence he proffers would have been admissible, credible, material, or likely to alter the result I previously reached.[1]

B.  *Federal Rule Of Civil Procedure 60(b)(5) Does Not Apply On These Facts*

As an alternative, Plaintiff seeks relief under Rule 60(b)(5). That subsection provides for relief from judgment if "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable . . . ." Fed. R. Civ. P. 60(b)(5). Plaintiff cites no cases applying subsection (b)(5), and I conclude that it does not apply here. This provision "applies to any judgment that has prospective effect as contrasted with those that offer a present remedy for a past wrong." 11 Wright, Miller & Kane, Federal Practice and Procedure § 2863, at 337-38 (2d ed. 1995). Because the judgment at issue here is not the type covered by Fed. R. Civ. P. 60(b)(5), Plaintiff's motion for relief under that subsection is denied.

C.  *Plaintiff's Motion For Relief Under 60(b)(6) Is Denied*

Lastly, Plaintiff seeks relief under Rule 60(b)(6), the so-called "catchall" provision. To justify relief under Rule 60(b)(6), a party must show "extraordinary circumstances." *Pioneer Inv. Serv. Co. v. Brunswick Assocs.*, 507 U.S. 380, 393 (1993). I decline to grant Plaintiff's request

---

[1]The above discussion suggests that Plaintiff misapprehended the requirement to demonstrate due diligence. That is, it appears Plaintiff was under the impression that he only had to establish that he was diligent after coming into possession of the "newly acquired evidence." As I have indicated, he must demonstrate that he exercised due diligence before summary judgment was granted. Accordingly, I am granting Plaintiff leave to file a short supplemental brief arguing that he exercised the requisite due diligence before judgment was entered.

for relief under this subsection. It is well settled that "the first three clauses [of Rule 60(b)] and the catchall clause are mutually exclusive." *Brandon v. Chicago Bd. of Educ.*, 143 F.3d 293, 295 (7th Cir. 1998) (*quoting Wesco Products Co. v. Alloy Automotive Co.*, 880 F.2d 981, 983 (7th Cir. 1989)). The effect of that being that "if the asserted grounds for relief fall within the terms of the first three clauses of Rule 60(b), relief under the catchall provision is not available." *Id.*

This principle makes perfect sense in this case. When a petitioner seeks relief under one of the first three subsections of Rule 60(b) and also under 60(b)(6), the purpose of relying on the latter sections, many times, is to avoid one of the specific requirements of those first three subsections. The first three subsections and (b)(6) are mutually exclusive, therefore, because granting relief under (b)(6) when it is possibly available under another subsection could open a back door that would enable movants to circumvent one or more of the requirements of sections (b)(1), (b)(2), or (b)(3). Often, the movant seeks to avoid the one-year time deadline that exists in subsections (b)(1), (b)(2) and (b)(3) but that does not exist in (b)(6). Fed. R. Civ. P. 60(c); *see Pioneer Inv. Servs. Co.*, 507 U.S. at 393. While Plaintiff here is not encumbered by the time restriction, the principle of mutual exclusivity applies nevertheless. In this case, if I were to grant relief here under the catchall provision, I would undermine the purpose of subsection (b)(2) by effectively relieving Plaintiff of the due diligence obligation found therein. Plaintiff's request for relief falls squarely under 60(b)(2). Accordingly—because subsections (b)(2) and (b)(6) are mutually exclusive—Plaintiff's request must rise or fall under the requirements of (b)(2). As noted above, because of Plaintiff's failure to satisfy the due diligence requirement, it falls.

## III. CONCLUSION

For the above stated reasons, Plaintiff's motion for relief from judgment under Fed. R. Civ. P. 60 is DENIED. As noted above, *see supra* note 1, Plaintiff is hereby given 14 days to file a supplemental brief arguing that he exercised due diligence before judgment was entered.

ENTER:

James B. Zagel
United States District Judge

DATE: February 8, 2008